WASHINGTON R. PRESCOTT *vs.* WALTER L. KELLEY *et al.*

NOVEMBER 18, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J.   This case is before us on certification by the Superior Court under provisions of Section 5, Chapter 348, General Laws 1923.

The plaintiff brought his action against the defendant, Kelley, and one Bartlett.   As none of the parties claimed a jury trial before assignment day the case was placed on the jury trial waived calendar and came on for a hearing before a justice of the Superior Court.   Before the hearing was concluded the plaintiff moved to discontinue as to the defendant Bartlett and to make George M. Mills a party defendant.   The motion was granted and citation was issued to Mills returnable February 17, 1931.   The defendant Mills pleaded to the declaration, and eighteen days after the return day of the citation filed a written claim for a jury trial, whereupon the case was certified to this court for determination of the following questions:

1.   In a case where no party claimed a jury trial before assignment day, and where a new defendant is made a party after assignment day and files a written claim for

jury trial, is said new defendant entitled to have said case tried before a jury?

2. Assuming that it was defendant Mills' money that was loaned by defendant Kelley to the plaintiff and that throughout the transaction said Kelley acted for and in behalf of said Mills and as his representative and that his identity was not disclosed nor the fact of his acting for said Mills known to said plaintiff until said Mills so testified in court as a witness for the defense, is said defendant Mills entitled to have said case tried before a jury?

Chapter 1327, Public Laws 1929, amending Section 6, Chapter 337, General Laws 1923, makes provision for trials by a jury. "Sec. 6. In every action at law originally brought in the superior court, or removed to the superior court on appeal from a district court, if neither party files a written claim for a jury trial at any time before its assignment day, then jury trial shall be deemed to be waived in such case . . . ".

We have held that it is not an infringement of the constitutional guaranty of trial by jury to deem such trial waived unless demanded before the assignment day of the case. *Houle* v. *Lussier,* 50 R. I. 339; *Mandeville, Brooks & Chaffee* v. *Fritz,* 50 R. I. 513.

The defendant Mills, having become a party to the case after its assignment day, had no opportunity to comply with the terms of the statute within the time there limited. To hold therefore as contended by the plaintiff that he is bound by the statute would clearly violate his constitutional right to a trial by jury. Reasonable limitations may be placed on the exercise of this right as was held in *Mandeville, Brooks & Chaffee* v. *Fritz, supra,* but a party may not be deprived of such right unless he has been given the opportunity to comply with the terms of the statute. Although the statute contains no provision for a jury trial applicable to the case here presented, the defendant's constitutional right to a trial by jury requires us to answer the first question in the affirmative.

The second question on first impression would appear to be based on an assumed state of facts and therefore not within the provisions of the statute. But as it appears that the defendant Mills testified to the facts upon which the question is framed we shall deem it to be a question to be here determined. It is the contention of the plaintiff that inasmuch as the defendant Mills was an undisclosed principal he is bound by every act of his agent, including the waiver of trial by jury in a suit in which the agent and not the principal was the defendant. In our opinion the term "party" as used in the statute means the actual party before the court. It would be a novel application of the doctrine of undisclosed principal to hold that the agent could waive jury trial for his principal in a suit in which the agent and not the principal is the defendant. We answer the second question in the affirmative.

The papers in the case with our decision certified thereon are ordered to be sent back to the Superior Court.

*Morgan & Morgan,* for plaintiff.

*Atwood, Remington, Thomas & Levy,* for defendant George M. Mills.